UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**PATRICIA SIMS,**

              **Plaintiff,**

**-vs-**                                              **Case No.  2:06-cv-589-FtM-34DNF**

**FIDELITY NATIONAL TITLE
INSURANCE COMPANY,**

              **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 22)** |
| **FILED:** | **June 8, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The Plaintiff, Patricia Sims and the Defendant, Fidelity National Title Insurance Company are requesting that the Court approve the parties' settlement and dismiss this case with prejudice. The parties also filed a Response to Court's Order Dated July 13, 2007 (Doc. 28) which provided additional information in the case. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FSLA"). *Lynn's Food Stores , Inc. v. United States*,

679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216 .  There are two ways for a claim under the FSLA to be settled or compromised.  *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The parties represent that they participated in good faith settlement negotiations which resulted in the Settlement Agreement and General Release entered into June 6, 2007.  (Doc. 22, Exh. A).  The Court has carefully reviewed the Settlement Agreement.  The settlement provides that the Plaintiff will be paid $2,250 for unpaid overtime, $2,250 for her liquidated damages, and $5,070 in attorney's fees and $430 in costs.  The Plaintiff was "vigorously represented" by counsel throughout this litigation.  *(See,* Doc. 22, p. 5).

The Plaintiff was employed as an administrative assistant. (See, Doc. 1, ¶4). Based upon the Parties' Response (Doc. 28), the Plaintiff worked the following:

| Year | Unpaid Overtime Hours | Overtime Rate | Total |
|---|---|---|---|
| 2003 | 25.25 + 3 hrs for mandatory meeting | $18.75 | $529.69 |
| 2004 | 122.75 + 3 hrs for mandatory meeting | $18.75 | $2,357.81 |
| 2004 | 31 +3 mandatory meeting | $21.63 | $735.42 |
| 2005 | 78.5 + 6 hrs for mandatory meetings | $21.63 | $1,827.75 |
| 2006 | 9 | $21.63 | $194.67 |
| 2006 | 2 + 3 hrs for mandatory meeting | $23.63 | $118.15 |
| **Total** | 277 | | $5,763.49 |

The Defendant disputed the number of overtime hours claimed, her entitlement to overtime in 2004, her method of calculation, and Plaintiff's entitlement to liquidated damages. (See, Doc. 28, ftnt. 1). The parties agreed to settle this matter for $4,500.00 in damages. The Court finds that this settlement to be fair and reasonable.

The settlement also provides that counsel would receive $5,070 in attorney's fees and $430 in costs. Counsel expended 20.94 hours in this case at an hourly rate of $295.00. The Court finds that the amount of $5,500.00 in fees and costs to be reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __19th__ day of July, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record